J-S20015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                       :             PENNSYLVANIA
                                                       :
          v.                                  :
                                                       :
                                                       :
                                                       :
JASON ANDREW STAUB                  :
                                                       :
          Appellant                  :  No. 1529 MDA 2023

Appeal from the Judgment of Sentence Entered October 16, 2023
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0001047-2022

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: JUNE 28, 2024**

Appellant, Jason Andrew Staub, appeals from the judgment of sentence entered on October 16, 2023.  We affirm.

The trial court ably summarized the underlying facts of this case:

> On June 30, 2022, Appellant was charged with solicitation of rape of a child[fn.1] by the Pennsylvania State Police.  The basis of this charge was a series of conversations between Appellant and his former romantic partner, [R.A.].  One such conversation included Appellant expressing to [R.A.] his desire to see she and their three-year-old son engaged in sexual intercourse.  Based on her concern with Appellant's comments, [R.A.] called Appellant back and recorded the conversation to collect evidence of Appellant's criminal intent.  As a result of [R.A.'s] report and the recorded phone conversation later given to the police, Appellant was charged with solicitation of rape of a child.
>
> [fn.1] 18 Pa.C.S.A. § 902(a); 18 Pa.C.S.A. § 3121(c).

---

[*] Former Justice specially assigned to the Superior Court.

. . .

[A bench trial] was held on June 30, 2023. It was revealed at trial that Appellant had been in contact with [R.A.] after a recent custody matter. Appellant had called [R.A.] and, during their conversation, requested that [R.A.] and their three-year-old son engage in sexual intercourse. According to testimony presented at trial, [R.A.] never prompted Appellant to speak about this expressed request. When [R.A.] was asked at trial if "[Appellant] mentioned he wanted a picture of your child's penis touching . . . [your] vagina," she responded in the affirmative and testified further that she felt Appellant was serious and not joking in making this request. [R.A.] also said that she had been so disturbed by Appellant's comments she ended the phone conversation. . . .

[R.A.] called Appellant a short time later and recorded this conversation with Appellant. She provided this recorded phone conversation to the Pennsylvania State Police, who filed criminal charges in this matter. The recording was also admitted as evidence and considered by the [trial] court.

A review of the recording revealed the following exchange occurred between [R.A.] and Appellant:

Appellant: "You know I hate it because I'm being selfish, but I didn't, I really didn't want a picture of it, like I wanted to be there and do it."

[R.A.]: "You know how small, how small it is."

Appellant: "I know."

Appellant: "I was gonna like get you to like, put your ankles behind your head, get your ankles out of the way, and like, you know what I mean, you know obviously I know it ain't gonna go far."

Appellant: "I know it's fucked up but like he's ours so if I'm gonna share you that's who I want to share you with."

[R.A.]: "Did you ever like ... with [your daughter]."

Appellant: "No, but I would."

[Following the bench trial, the trial court] found Appellant guilty of [criminal solicitation of rape of a child]. On October 16, 2023, Appellant was sentenced to serve a term in total confinement of no less than 84 months, nor more than 168 months at a state correctional institution.

Trial Court Opinion, 12/27/23, at 1-4 (some footnotes omitted).

Appellant filed a timely notice of appeal. He raises four claims to this Court:

1. Did the trial court err in finding that the Commonwealth has met their burden of proof finding [Appellant] guilty of criminal solicitation of rape in violation of section 902(a) where insufficient evidence was presented to satisfy the elements of said statute showing that [Appellant] commanded, encouraged or requested another person to commit rape and did so with the intent of promoting or facilitating the rape?

2. Did the trial court err in dismissing [Appellant's] habeas corpus petition when he ruled that [Appellant's] verbal comments, that were the sole basis of the charge for solicitation to rape, were not Constitutionally protected speech?

3. Did the trial court err in dismissing [Appellant's] omnibus pretrial motion regarding the suppression of the first recorded phone call which was the basis of the charge of solicitation of rape when he stated the recording was authorized under 18 Pa.C.S.A. section 5704(17) even though there was no evidence that [Appellant] was in the process of committing a crime, or about to commit a crime, or had committed a crime of violence?

4. Did the trial court err in dismissing [Appellant's] motion to dismiss for prosecutorial misconduct in an order that is unclear in that it addresses issues not raised in the motion and the reasons for the trial court's ruling are vague or not discernable from the record?

Appellant's Brief at 6-7 (some capitalization omitted).

We have reviewed the briefs of the parties, the relevant law, the certified record, and the opinion of the able trial court judge, the Honorable Shawn C. Wagner. We conclude that Appellant is not entitled to relief in this case, for the reasons expressed in Judge Wagner's December 27, 2023 opinion. Therefore, we affirm on the basis of Judge Wagner's opinion and adopt it as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach a copy of Judge Wagner's December 27, 2023 opinion, with the names of the victims redacted.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/28/2024